JAMES WIXON & others *vs.* LOUIS LAPHAM.

An action to charge an indorser for costs may be maintained by proof that the plaintiff in the original suit has not been within this commonwealth since the indorsement was made, and that the officer to whom the execution for costs was committed could find no property belonging to him within his precinct.

SCIRE FACIAS against the indorser of a writ. A trial by jury was waived in the superior court, and the case was heard before *Morton*, J. The execution for costs against the plaintiff in the original action, Elouise J. Swasey, a married woman who had not been within this commonwealth since the indorsement was made, was put in evidence, having upon it the return of an officer as follows: " By virtue of this execution, I have made diligent search for the goods and chattels of the within named Elouise J. Swasey, and could find none within my precinct. I therefore return this execution in no part satisfied." The defendant contended that the action could not be maintained, because the return did not show that the officer made any search for her, or for him, or any demand of payment upon either. But the judge ruled otherwise, and rendered judgment for the plaintiffs. The defendant alleged exceptions.

*L. Lapham, pro se.*

*C. I. Reed,* for the plaintiffs.

BIGELOW, C. J. The officer's return that he could find no property of the plaintiff in the original suit within his precinct wherewith to satisfy the execution issued against her for costs, coupled with the facts that she was not liable to arrest on the execution under Gen. Sts. *c.* 124, § 7, and that she had never been within the Commonwealth since the execution was issued, so that no demand upon her could be made for payment of the amount, was competent and sufficient proof of her " inability and avoidance " to charge the defendant as indorser of the writ. *Proprietors of Locks & Canals* v. *Reed,* 8 Met. 146. *Davis* v. *Whithead,* 1 Allen, 276. *Exceptions overruled.*